No. _____

### In the United States Court of Appeals for the Fifth Circuit

---

## DAPHNIE NEWMAN BOUDY,
### Petitioner

---

**On Petition for Writ of Mandamus to the United States District Court
for the SOUTHERN District of MISSISSIPPI, WESTERN Division
Case No. 5:23CV30-KS-BWR**
*Honorable Keith Starret, United States District Judge*

---

### AMENDED PETITION FOR WRIT OF MANDAMUS
**(with help from the Federal Pro Se Clinic to prepare this document)
Re: DAPHNIE NEWMAN BOUDY**

_____

**Daphnie Newman Boudy, pro se
111 Oak Street
McComb, Mississippi 39648
Ph: 985.285.8712
Email: daphnieboudy@outlook.com**

# CERTIFICATE OF INTERESTED PERSONS

No. _____

## *In re*: DAPHNIE NEWMAN BOUDY,
### Petitioner

Pro se Petitioner, Daphnie Newman Boudy, certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

1.    Daphnie Newman Boudy, Plaintiff-Appellant

2.    The McComb School District, Defendant-Appellee

3.    The McComb School District Board of Trustees, Defendant-Appellee

4.    James Harvey, Defendant-Appellee

5.    KaShonda L. Day, Counsel for Defendants-Appellees

6.    Mary Joyner, Counsel for Defendants-Appellees

7.    Adams and Reese, LLP, Counsel for Defendants-Appellees

8.    Honorable Bradley W. Rath, Respondent

9.    Honorable Keith Starrett, Respondent

Respectfully submitted:

_____
**Daphnie Newman Boudy**

DNB Writ 2

## **INTRODUCTION**

This is an employment-related action for violation of the Plaintiff/Petitioner's civil rights and other rights by her former employer, as she seeks injunctive and equitable relief, as well as monetary damages and punitive damages, to redress Defendants' unlawful employment practices against Plaintiff, including its discriminatory treatment and harassment due to her sex (female) and disability. Its unlawful retaliation against her when she ended her quid pro quo consensual sexual relationship with Mr. James Harvey, former Interim Principal, now Assistant Principal at Denman Junior High School, created a hostile work environment. The Plaintiff was unlawfully denied her request for Reasonable Accommodations after Reasonable Accommodations were already provided since the beginning of her employment, discriminated against, and retaliated against in terms of conditions of employment, harassment, and other related claims in violations of Title IX of the Education Amendment of 1972 of the Civil Rights Act, Title VII of the Civil Rights Act of 1964, as codified, U.S.C. 42 §§ 2000e to 2000e-17, Title I and Title V of the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117, Sections 501 and 505 of the Rehabilitation Act of 1973, the Civil Rights Act of 1991, the Mississippi Department of Education Educator Code of Ethics and other rights by the Mississippi State Board of Education.

## JURISDICTIONAL STATEMENT

Jurisdiction of this Court is invoked under the All Writs Act, which provides in relevant part that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

## STATEMENT OF RELIEF SOUGHT

Plaintiff filed a Motion to Disqualify United States District Judge Keith Starett (attached as *Exhibit 1*) and United States Magistrate Judge Bradley W. Rath (attached as *Exhibit 2*) pursuant to 28 U.S.C. Section 144 & 455 & M.R.C. & CNTY. CT. 1.15 on May 22, 2024 as she prays this Honorable Court requests both Judges rule to recuse themselves from trial proceedings due to bias, impartiality, constant and blatant prejudice towards Plaintiff. Instead of ruling on the Motions to Disqualify, Judge Starett issued a Stay Order (attached as *Exhibit 3*) on May 30, 2024 requesting evaluation of Plaintiff questioning her competency to see if she is competent to proceed with her case *pro se* or incompetent to understand these proceedings. Judge Rath ruled on June 22, 2023 (Case Management Order/Conference) that Plaintiff's mental health was already in *controversy* and ordered Defendants to complete a mental health evaluation by their designated Expert Witness by December 1, 2023, in which the Defendants failed to do even after the deadline was extended

for both parties [68] in a text on only by Judge Rath on October 31, 2023. At that time,
Plaintiff was represented by counsel and Defendants had from June 22, 2023 - December 1,
2023 to examine Plaintiff (attached as *Exhibit 6*), again failing to do so especially when
Plaintiff was already represented by counsel and this process would have been easier on both
parties. Plaintiff is *incompetent* to understand the technical, medical and legal terms/
requirements to comply with this order as this further demonstrates the Court's blatant
prejudice, impartial, and biased nature towards Plaintiff. Plaintiff's case was dismissed on
March 11, 2024 and (due to her health) she reluctantly filed her Notice of Appeal and Motion
for Reconsideration on March 12, 2024 in efforts to save her case, in which she was forced to
file four (4) post judgment motions pro se. Plaintiff filed a Motion to Appoint Counsel on
August 22, 2023 [48] and denied by Judge Rath [58]. On May 8, 2024, Plaintiff again filed a
second Motion to Appoint Counsel (attached as *Exhibit 4*). Plaintiff is a competent witness,
competent to understand these legal proceedings and her case, retained and assisted her former
attorneys with her case while still having chronic and severe mental illness, and recently
consulted with attorneys/law firms Robert E. Thompson, III, Warren L. Martin, Cliff Jeffers,
Catherine Vessers, Grant Legal Group, Cosmich Simmons & Brown, and Espy Law in
reference to her case (attached as *Exhibit 5*). All attorneys/law firms declined Plaintiff's case
due to her attorneys withdrawing from her case. Plaintiff is unable to proceed pro se and is

incompetent to represent herself in this pending matter. Plaintiff prays this Honorable Court requests another presiding Judge to appoint counsel for Plaintiff and approve her Motion.

## **PROCEDURAL BACKGROUND**

Plaintiff filed her Complaint for Employment Discrimination on April 24, 2023. Defendants filed their Answer on May 16, 2023. On March 11, 2024, Judge Starrett issued a Final Judgment dismissing Plaintiff's case for Insufficient Service of Process after the Court (both Judge Rath and Judge Starrett [56], [78], [83], [88], [90], [91]) determined "even with insufficient service of process, Defendants received notice of Plaintiff's complaint, filed their Answer on May 16, 2023, already submitted to the Court's jurisdiction, participated in conferences/hearings, responded to Plaintiff's motion..." engaged in discovery, filed Defendants' First Set of Interrogatories, and filed Defendants' Request for Production of Documents. Defendants waived their Insufficient Service of Process Affirmative Defense as they were voluntarily actively involved appearing in the case yet the Defendants were still claiming Insufficient Service of Process and the Court still dismissed Plaintiff's case (attached as ***Exhibit 6***). Plaintiff's then attorneys were negligent and delayed proceedings due to their misconduct, but Judge Starrett blamed Plaintiff as the record did not support the Court's findings and determinations. Also Judge Starrett dismissed Plaintiff's case while a Motion to Withdraw as Counsel (filed on February 8, 2024) was pending and did not allow Plaintiff an opportunity to seek another attorney or notify the Court that she would represent herself *pro se*.

## ISSUES PRESENTED IN THE PETITION

Plaintiff filed a Motion to Disqualify United States District Judge Keith Starett (attached as ***Exhibit 1***) and United States Magistrate Judge Bradley W. Rath (attached as ***Exhibit 2***) pursuant to 28 U.S.C. Section 144 & 455 & M.R.C. & CNTY. CT. 1.15 on May 22, 2024 as she prays this Honorable Court requests both Judges rule to recuse themselves from trial proceedings due to bias, impartiality, constant and blatant prejudice towards Plaintiff. Instead of ruling on the Motions to Disqualify, Judge Starett issued a Stay Order (attached as ***Exhibit 3***) on May 30, 2024 requesting evaluation of Plaintiff questioning her competency to see if she is competent to proceed with her case *pro se* or incompetent to understand these proceedings. <u>Judge Rath ruled on June 22, 2023 (Case Management Order/Conference) [18] that Plaintiff's mental health was already in **controversy** and ordered Defendants to complete a mental health evaluation by their designated Expert Witness by December 1, 2023, in which the Defendants failed to do even after the deadline was extended for both parties [68] in a text on only by Judge Rath on October 31, 2023. At that time, Plaintiff was represented by counsel and Defendants had from June 22, 2023 - December 1, 2023 to examine Plaintiff (attached as **Exhibit 6**), again failing to do so especially when Plaintiff was already represented by counsel and this process would have been easier on both parties. Plaintiff is **incompetent** to understand the technical, medical and legal terms/ requirements to comply with this order as this further demonstrates the Court's blatant</u>

prejudice, impartial, and biased nature towards Plaintiff. Plaintiff's case was dismissed on March 11, 2024 and (due to her health) she reluctantly filed her Notice of Appeal and Motion for Reconsideration on March 12, 2024 in efforts to save her case, in which she was forced to file four (4) post judgment motions pro se. Plaintiff filed a Motion to Appoint Counsel on August 22, 2023 [48] and denied by Judge Rath [58]. On May 8, 2024, Plaintiff again filed a second Motion to Appoint Counsel (attached as *Exhibit 4*). Plaintiff is a competent witness, competent to understand these legal proceedings and her case, retained and assisted her former attorneys with her case while still having chronic and severe mental illness, and recently consulted with attorneys/law firms Robert E. Thompson, III, Warren L. Martin, Cliff Jeffers, Catherine Vessers, Grant Legal Group, Cosmich Simmons & Brown, and Espy Law in reference to her case (attached as *Exhibit 5*). All attorneys/law firms declined Plaintiff's case due to her attorneys withdrawing from her case. Plaintiff is unable to proceed pro se and is incompetent to represent herself in this pending matter. Plaintiff prays this Honorable Court requests another presiding Judge to appoint counsel for Plaintiff and approve her Motion.

### REASONS WHY THE WRIT SHOULD BE ISSUED

"[A] judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Hartsel, 199 F.3d 812, 820 (6th Cir. 1999) (quoting Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir. 1990))* (modifications in original).

Miss. R. Cir. and Cnty. Ct. 1.15 states, any party may move for the recusal of a judge of the circuit or county court if it appears that the judge's impartiality might be questioned by a reasonable person knowing all the circumstances, or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law.

The law on judicial disqualification is relatively simple, as is the application of that law to the facts here. Litigants have a fundamental due process right to appear before a judge who, from an objective viewpoint, is not biased. *Ward v. Village of Monroeville, 409 U.S. 57 (1972); 13D Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3541 (3d ed.).* The issue in a motion to recuse is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Caperton v. A.T. Massey Coal, Co., Inc.* The requirement that a judge be recused if, from an objective perspective, the risk of bias is too great, is grounded in due process of law, and is codified in two federal statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 of Title 28 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of the adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Section 455(a) of Title 28 states:

> Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

Plaintiff moves to disqualify both Judge Rath and Starrett under both of these statutes.

To "promote public confidence in the integrity of the judicial process," Section 455(a) was broadened in 1974 to replace the subjective standard of bias with an objective test. *Nichols v. Alley, 71 F.3d 347, 350 (10th Cir. 1995) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 858 n.7 (1988)).* "What matters is not the reality of bias or prejudice but its appearance." Id. (quoting *Liteky v. United States, 510 U.S. 540, 548 (1994)).* "Given the statutory parameters, we must determine 'whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" *United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993)* (collecting and comparing cases) (quoting *United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992)).*

"In applying this objective standard, the initial inquiry is whether a reasonable factual basis exists for questioning the judge's impartiality." *Nichols, 71 F.3d at 351.* Further, the United States Supreme Court has clarified that a party seeking to recuse a judge is not required to present extrajudicial evidence of bias. *Liteky, 510 U.S. at 554-55.* The Court explained in *Liteky* that judicial remarks and opinions may provide a basis for recusal if the remarks "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* Here, there is a "reasonable factual basis" for questioning Judge Rath's and Judge Starrett's impartiality. *Nichols, 71 F.3d at 351.*

**Exceptional Circumstances Exist with Petitioner for Appointment of Counsel**

In order to qualify for an appointment of counsel, the requesting party "must demonstrate that [s]he [is] indigent and that exceptional circumstances [are] present such that a denial of counsel [would be] likely to result in fundamental unfairness impinging

on [her] due process rights." *Id.* "To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, *inter alia,* on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *Id. at 24.*

Petitioner has no training or experience in cross-examining witnesses or presenting complicated evidence as she receives help from the Federal Pro Se Clinic to file uncomplicated Motions as pro se. Petitioner has no training in objecting to the tactics of opposing counsel in a trial that will be decided on these issues. Petitioner believes she has shown "exceptional circumstances" due to her mental illness and her due diligence and consistency in trying to obtain counsel on her own. At this stage of the proceedings, it is clear the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence, cross examination, the appointment of counsel will shorten trial, and assist in a just determination, which Petitioner pays her Motion to Appoint Counsel should be granted and Writ is issued.

Judge Rath ruled on June 22, 2023 (Case Management Order/Conference) [18] that Plaintiff's mental health was already in ***controversy*** and ordered Defendants to complete a mental health evaluation by their designated Expert Witness by December 1, 2023, in which the Defendants failed to do even after the deadline was extended for both parties [68] in a text on only by Judge Rath on October 31, 2023. At that time, Plaintiff was represented by counsel and Defendants had from June 22, 2023 - December 1, 2023 to examine Plaintiff (attached as ***Exhibit 6***), again failing to do so especially when Plaintiff was already represented by counsel

and this process would have been easier on both parties. Plaintiff is ***incompetent*** to understand the technical, medical and legal terms/requirements to comply with this order as this further demonstrates the Court's blatant prejudice, impartial, and biased nature towards Plaintiff. Plaintiff's case was dismissed on March 11, 2024 and (due to her health) she reluctantly filed her Notice of Appeal and Motion for Reconsideration on March 12, 2024 in efforts to save her case, in which she was forced to file four (4) post judgment motions pro se.

## A. Absent A Writ of Mandamus Plaintiff/Petitioner and the Judicial System Will Suffer Irreparable Harm.

The Court should issue a writ of mandamus because both the Plaintiff/Petitioner and the judicial system would otherwise suffer irreparable harm. This Court recognizes that damage to the judicial system alone is sufficient to show irreparable harm. In re *Bulger, 710 F.3d at 49* ("we can leave aside any question of harm personal to the defendant and concentrate on damage to the judicial system . . . . it [is] imperative to act promptly to preclude any reasonable question whether . . . action in the past may affect the fairness of the judicial branch in the present.") core of the public's trust in the justice system as a whole. The writ of mandamus stands by to "prevent[] injury to the public perception of the judicial system before it has a chance to occur." *United States v. Balistrieri, 779 F.2d 1191, 1205 (7th Cir. 1985).* Indeed, the recognized purpose of §455(a) is to address "systemic interests" regarding "concerns [about] the appearance of impropriety." *Fowler v. Butts, 829 F.3d 788, 791 (7th Cir. 2016).*

Even so, Plaintiff/Petitioner can show that she would suffer irreparable harm without this Court's writ. For example, an appellate court will only reverse the Court's findings if they are "clearly erroneous."

Therefore, absent mandamus, Plaintiff/Petitioner may lose her chance to have a fair trial. For all of these reasons, Plaintiff/Petitioner satisfies any requirement that she demonstrates irreparable harm if the requested writ of mandamus is denied.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiff/Petitioner respectfully requests that the Court issue a writ of mandamus directing both Judges to recuse themselves, appoint Plaintiff counsel and reverse stay order.

Respectfully submitted:

_____

**Daphnie Newman Boudy**
**111 Oak Street**
**McComb, Mississippi 39648**
**Ph: 985.285.8712**
**Email: daphnieboudy@outlook.com**

# CERTIFICATE OF SERVICE

I certify that this document was filed with the Court, via prose_@ca5.uscourts.gov, on the
____1____ day of June, 2024, and an electronic copy of this document was served on all
defendants, respondents, and counsel of record, as listed below, via e-mail to Kashonda
L. Day kashonda.day@arlaw.com and "Mary Clark Joyner"
<maryclark.joyner@arlaw.com> on the same date and was also delivered to the Hon.
Bradley W. Rath via email to Rath_Chambers@mssd.uscourts.gov and the Hon. Keith
Starrett via email to "starrett_chambers@mssd.uscourts.gov"
<starrett_chambers@mssd.uscourts.gov>

1.     The McComb School District, Defendant and Respondent

2.     The McComb School District Board of Trustees, Defendant and Respondent

3.     James Harvey, Defendant and Respondent

4.     KaShonda L. Day, Defendant and Respondent

5.     Adams and Reese, LLP, Defendant and Respondent

6.     Honorable Bradley W. Rath, Respondent

7.     Honorable Keith Starrett, Respondent

Respectfully submitted:

**Daphnie Newman Boudy**
**111 Oak Street**
**McComb, Mississippi 39648**
**Ph: 985.285.8712**
**Email: daphnieboudy@outlook.com**

## CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limitations of Federal Rule of Appellate Procedure 21(d) because this document contains 7,290 words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft® Office Word 2021 in 14-Point Garamond font.

Respectfully submitted:

**Daphnie Newman Boudy**
**111 Oak Street**
**McComb, Mississippi 39648**
**Ph: 985.285.8712**
**Email: daphnieboudy@outlook.com**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

**DAPHNIE NEWMAN BOUDY,**                                                      **Plaintiff**

v.                                                      Case No. 5:23CV30-KS-BWR

**MCCOMB SCHOOL DISTRICT, et. al**                                    **Defendants**



SOUTHERN DISTRICT OF MISSISSIPPI
**F I L E D**
MAY 22 2024
ARTHUR JOHNSTON
BY _____ DEPUTY

## PLAINTIFF'S MOTION TO DISQUALIFY SENIOR UNITED STATES DISTRICT JUDGE KEITH STARRETT PURSUANT TO 28 U.S.C. SECTIONS 144 & 455 & M.R.C. & CNTY. CT. 1.15

With assistance from the *Federal Pro Se Help Desk* with preparing this Motion, Plaintiff, Daphnie Newman Boudy who has a disability and suffers with severe, chronic mental illness, respectfully moves the Court with her Motion to Disqualify Senior United States District Judge Keith Starrett pursuant to 28 U.S.C. §§ 144 and 455, Miss. R. Cir. and Cnty. Ct. 1.15.

**WHEREFORE** Plaintiff prays her Motion is GRANTED.

Respectfully submitted:

_____
**Daphnie Newman Boudy**
**111 Oak Street**
**McComb, Mississippi 39648**
**Ph: 985.285.8712**
**Email: daphnieboudy@outlook.com**

Exhibit 1
Boudy

DNB   1

**Certificate of Service**

I, Daphnie Newman Boudy, certify that a copy of the foregoing pleading has been served on all parties and attorneys of record in this suit by through EFC filing, emailing and/or placing same in USPS mail postage prepaid to their addresses on file this ___ day of _____ 2024.

**Daphnie Newman Boudy**
**111 Oak Street**
**McComb, Mississippi 39648**
**Ph: 985.285.8712**
**Email: daphnieboudy@outlook.com**

Exhibit 1
Boudy

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DAPHNIE NEWMAN BOUDY,                                                    Plaintiff

v.                                                              Case No. 5:23CV30-KS-BWR

MCCOMB SCHOOL DISTRICT, et. al                                          Defendants

*SOUTHERN DISTRICT OF MISSISSIPPI*
**F I L E D**
MAY 22 2024
ARTHUR JOHNSTON
BY_____ DEPUTY

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY UNITED STATES DISTRICT JUDGE KEITH STARRETT PURSUANT TO 28 U.S.C. SECTIONS 144 & 455 & M.R.C. & CNTY. CT. 1.15

With assistance from the *Federal Pro Se Help Desk* with preparing this Motion, Plaintiff, Daphnie Newman Boudy who has a disability and suffers with severe, chronic mental illness, respectfully moves the Court with her Motion to Disqualify United States District Judge Keith Starrett pursuant to 28 U.S.C. §§ 144 and 455, Miss. R. Cir. and Cnty. Ct. 1.15 and avers as follows:

1.      Pursuant to 28 U.S.C. §§ 144 and 455,  Miss. R. Cir. and Cnty. Ct. 1.15, Plaintiff moves (with help from the Federal *Pro Se* Clinic) for her Motion to recuse the assigned Senior District Judge, Hon. Keith Starrett, from this case because she feels she will not and has not received fair trials or hearings due to his bias or prejudice towards her. Plaintiff's motion is respectfully presented to this Honorable Court in good faith. This motion is both timely and sufficiently supported by a Verification.

Pursuant to 28 U.S.C. § 144, Plaintiff requests that Judge Starrett proceed no further on this motion or in this action, and that another magistrate or district court judge be assigned to hear and decide both this motion and all further proceedings in this case.

*Exhibit 1 Boudy*

DNB   3

## INTRODUCTION – RELIEF SOUGHT

2.      Judge Starrett has demonstrated bias and prejudice against Plaintiff and allowed Magistrate Judge Bradely W. Rath to demonstrate the same prejudice and bias against Plaintiff as well. In every one of Plaintiff's previous motions (while pro se) pertaining to the Defendants, Judge Rath has ruled against Plaintiff.  Judge Rath denied Plaintiff's Motion to Appoint Counsel [48], [58] (approved and supported by Judge Starrett) even when Plaintiff met all the guidelines and provided evidence of her deteriorating health and deteriorating mental health as Plaintiff was voluntarily admitted to the hospital for a five day mental health evaluation in September 2023.

Some of Judge Rath's orders denying Plaintiff's motions contained intentional and knowingly false information that is not documented in none of Plaintiff's or Defendants' pleadings or motions or the record *does not* support or show[27], [35], which was approved and supported by Judge Starrett. Judge Rath and Judge Starrett claims Plaintiff is/was negligent, ran afoul, file frivolous Motions, and that he can not/do not understand her Motions, yet denied her Motion to Appoint Counsel [48], [58] to assist both the Court and Plaintiff in this case.

3.      Plaintiff's former Attorneys of Record, Mr. Jamie Priest and Mr. Robert Olegatree, verbally withdrew due to differences in legal strategies as Plaintiff was being pressured to agree to an unreasonable settlement proposal/offer considering Plaintiff's damages, documented evidence in the case, etc. Mr. Priest and Mr. Olgetree constantly stated that "Judge Rath has been doing this for about a year and wants this case off his docket" [93], [94], [99] as Plaintiff believes Judge Rath pressured her attorneys, which led to her attorneys

DNB   4

pressuring her. The client-attorney relationship deteriorated from February 1 - 7, 2024. On February 8, 2024, Plaintiff immediately notified the Courts (Judge Rath and Judge Starrett) [89], [93], [94] as Attorneys Priest and Olgetree finally filed their Motion to Withdraw as Counsel [86]. Judge Starrett granted the Withdrawal [97] on March 20, 2024 making false statements claiming Plaintiff *subsequently* expressed agreement to the Motion to Withdraw after Judge Starrett entered a Final Judgment [90], [91] erroneously and intentionally dismissing Plaintiff's Complaint on March 11, 2024 causing Plaintiff's shock, disbelief, added emotional distress, prejudice, undue financial burden, etc.

To the contrary, on March 20, 2024, Judge Starret granted the Motion to Withdraw as Attorney [97], stating:

> "Be it remembered that on February 8, 2024, counsel for Plaintiff filed a Motion to Withdraw as Attorney [86]. The Court then entered its Memorandum Opinion and Order [90] and Final Judgment [91] dismissing the case on March 11, 2024. Subsequently, Plaintiff and counsel both independently expressed to the Court their agreement to the motion to withdraw..."

Plaintiff complained to the Court about her attorneys on February 8, 2024, on February 14, 204 Judge Starret amended his Order {88] stated the Court erred in granting Plaintiff an opportunity to amend her complaint and ordered her Amended Complaint be stricken from the record. However, Judge Starret noted in his Order "if the Plaintiff wishes to file an amended complaint, she may file a motion requesting the Court's leave to do so under Rule 15(a)(2)" [88], which she still wishes to file as a matter of law [78].

Judge Starrett delay in granting the Motion to Withdraw as Counsel [86] filed on February 8, 2024, terminated on March 11, 2024 and granted on March 20, 2024 [97] that

resulted in Plaintiff not being able to file her Amended Complaint per Judge Starret's

Orders [88] on February 14, 2024, which would have mooted Defendants' second Motion

to Dismiss [78] as a matter of law and would have prevented the March 11, 2024

erroneous, bias and intentional prejudice Final Judgment dismissing Plaintiff's case.

   Defendants did not dispute in their Opposition [98] that Plaintiff notified the Court

from February 8, 2024 - March 8, 2024 of problems with her attorneys, their Motion to

Withdraw and Plaintiff wishes to file Motions into the record but could not because her

then attorneys were still listed on the record [87], [93], [94].

   In fact, from February 8, 2024 - March 20, 2024, Plaintiff was unable to file Motions

into the record (because the case was terminated and closed on March 11, 2024 by Judge

Starrett) [93], [94], with the exception of her Motion for Reconsideration [93], [94] and

Notice of Appeal [95]. Defendants and their attorneys of record validated Plaintiff's claims

and emails in their February 9, 2024 filed Response [87], stating:

> "The Motion requests the Court approve the withdrawal and extend the deadline
> in the case provide sufficient time for the Plaintiff to obtain new counsel or
> inform the Court she will resume the case *pro se*...Plaintiff individually signaled
> to all counsel of record and both Court's chambers *via* email dated February 8,
> 2024, prior to the Motion (to withdraw) being filed, that she seeks to continue
> self-representation and intends to file at least one motion".

   On February 8, 2024, Plaintiff complained to the Courts [89], [93], [94] about her then

attorneys. As a result of her complaining, Judge Starrett expedited Court Orders [88], [90],

[91] within days amending orders [88] and ruling against Plaintiff and dismissing her case

[90], [91].

In Judge Starrett's Memorandums, Opinions and Orders [90], [91], [97], [100], and [105], he has erroneously, constantly and intentionally stated false information that Plaintiff was negligent, delayed proceedings, had "numerous opportunities and chances" to properly serve defendants, etc. in which the record *does not* show. Per Court Order [56] as Judge Starrett is fully aware and knowledgeable of, Judge Rath only gave Plaintiff one (1) opportunity to reserved defendants from September 20, 2023 - October 20, 2023. Plaintiff retained counsel on September 26, 2023 [59], [60], was admitted for a five day psychiatric evaluation, changes in medication management, etc. Plaintiff retained counsel, requested the Court's assistance [48] when she filed her Motion to Appoint Counsel was denied [58], yet Plaintiff was still purposefully and intentionally blamed for delays, running afoul, and negligence as a false narrative to illegally dismiss her Compliant [90], [91] for Insufficient Service of Process after the Court already determined that "even with insufficient service, Defendants already submitted to the Courts jurisdiction, attended conferences/hearing, responded to Plaintiff's motions…" [56], [78], [88], [90], [91] as the Defendants never opposed the Court's findings.

4.     The purpose of recusal is to preserve the actual and the apparent impartiality of the federal courts. American citizens are entitled to, and have a great need for, impartial federal judges who are capable of fulfilling their duty to uphold and enforce federal law and policy with essential neutrality. Section 455 provides in relevant part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
> (b) He shall also disqualify himself in the following circumstances:

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding...

5.    "[A] judge must recuse [himself] if a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." *United States v. Hartsel, 199 F.3d 812, 820 (6th Cir. 1999) (quoting Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir. 1990))* (modifications in original).

6.    Miss. R. Cir. and Cnty. Ct. 1.15 states, any party may move for the recusal of a judge of the circuit or county court if it appears that the judge's impartiality might be questioned by a reasonable person knowing all the circumstances, or for other grounds provided in the Code of Judicial Conduct or otherwise as provided by law.

## PROCEDURAL HISTORY

7.    Plaintiff filed a Motion to Disqualify Opposing Counsel [13], which was denied by Judge Rath [27] and Judge Starrett. Ms. Day is serving multiple roles in this case as 1.) advocate, 2.) Attorney of Record for all named defendants, and 3.) witness as Ms. Day is the McComb School District Board Attorney. Ms. Day has been identified and listed as a necessary witness on Plaintiff's witness list on June 19, 2023. Ms. Day did not file any objections with the Court or during the parties June 22, 2023, TCMC with Judge Rath. On June 23, 2023, Plaintiff filed her Notice of Initial Disclosures [19] with the Court listing Ms. Day as a witness stating:

> "Plaintiff's Pre-Discovery Disclosures to Defendant(s) as Opposing Counsel and Attorney of Record for all named Defendants, Ms. KaShonda L. Day, appear on Plaintiff's witness list. Ms. Day may provide testimony as to her approval of Defendants unlawful employment practices against Plaintiff, her

individual notes, investigations, procedures used for her approval
and applicable laws used for her decisions".

8.      On June 22, 2023, Judge Rath issued a Case Management Order [18] to the

parties, which was the same CMO Ms. Day emailed to Plaintiff on June 19, 2023. On

June 19, 2023, Plaintiff informed Ms. Day that she submitted her separate CMO but she

did not agree with CMO 6(f) . On June 23, 2023, Plaintiff was compelled to file a Motion

to Amend [20] Judge Rath's CMO as Ms. Day submitted a Case Management Order

under the notion that it was a joint CMO approved by both parties, which it was not. Ms.

Day was not sanctioned or disciplined for misleading the Court as Plaintiff clearly noted

in her Motions [13] [30] that she will be prejudiced by Ms. Day's continued appearance

because of Ms. Day's acts of bad faith.

9.      On July 7, 2023, Judge Rath denied Plaintiff's Motion to Disqualify Opposing

Counsel [27]. In Judge Rath's background section (in his order), it severely disturbed

Plaintiff as it did not contain information from Plaintiff's 35 page Complaint for

Employment Discrimination with 37 attached exhibits [1]. Plaintiff immediately notified

Judge Starrett as he allowed and approved false information being added to the record, in

which the record did not and does not support. Plaintiff believes Ms. Day drafted Judge

Rath's order because in the background section, which is false and favored the Defense

(and does not appear in any filed pleadings), which states:

> "In June, 2022, Boudy alleges that then-Interim Principal of Denman Junior
> High School James Harvey approached her to begin a "quid pro quo"
> sexual relationship where Boudy would have sex with Harvey in exchange
> for ADA accommodations and job security at Denman. Compl. [1] at 10.
> Boudy "reluctantly" accepted Harvey's offer. Id."

"During the 2022-23 school year, Denman employed Boudy. Id. at 12-13. From August, 2022 through November, 2022, Boudy alleges that she attempted to end her sexual relationship with Harvey, now-Assistant Principal. Id. at 14. She was unsuccessful because, allegedly, Harvey "continued to remind her" that he was "protecting her." Id."

"Following Thanksgiving, 2022, Boudy ended the alleged sexual relationship. Id. at 15. However, Boudy alleges that Harvey thereafter sexually harassed and abused her. Id. at 16. In December, 2022, Boudy alleges that Defendants "forc[ed] her to resign" by assigning her more work. Id. at 18. After resigning, Boudy filed a complaint with the EEOC. Id. at 19."

"From October, 2021 until Boudy's resignation from her position at Denman, Boudy alleges that Defendants denied her accommodations under the ADA and discriminated against her based on her sex and disability. Id. at 22-33."

10.     Plaintiff understands the Court has hundreds of cases and the last thing Plaintiff wants to do is waste the Court's valuable time and resources. After reading Judge Rath's Background section, Plaintiff immediately and respectfully notified Judge Rath and Judge Starrett about the missing background information and possible corrections. On July 10, 2023, Plaintiff filed a Motion to Reconsider and Motion to Amend Background Section in Order for Motion to Disqualify pursuant to Federal Rules of Civil Procedure Rule 59(e). On July 27, 2023, Plaintiff's motions were denied[35], as Judge Rath stated his background section is a "narrative" of the case as the "narrative" was not based on facts, which was again approved and supported by Judge Starett.

11.     On July 28, 2023, Plaintiff filed a Petition for Writ of Mandamus with the 5th Circuit Court of Appeal Case Number 23-60401 in reference to Judge Rath's order

denying Plaintiff's Motion to Reconsider Motion to Disqualify Opposing Counsel as Ms. Day is serving multiple roles in this case as 1.) defendant, 2.) advocate, 3.) Attorney of Record for all named defendants, and 4.) witness, which a disqualification order should have been granted based on the evidence and facts. The 5th Circuit Court of Appeals ruled that Ms. Day is not a defendant in the case and there were other judicial remedies for Plaintiff with the District Judge. However, Ms. Day is still listed as a necessary witness in this case, which violates Federal and ABA rules, again approved and supported by Judge Starrett.

## ARGUMENT AND SUPPORTING FACTS

12.    The law on judicial disqualification is relatively simple, as is the application of that law to the facts here. Litigants have a fundamental due process right to appear before a judge who, from an objective viewpoint, is not biased. *Ward v. Village of Monroeville, 409 U.S. 57 (1972); 13D Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3541 (3d ed.).* The issue in a motion to recuse is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Caperton v. A.T. Massey Coal, Co., Inc.* The requirement that a judge be recused if, from an objective perspective, the risk of bias is too great, is grounded in due process of law, and is codified in two federal statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 of Title 28 states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of the adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Section 455(a) of Title 28 states:

Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

13.    Plaintiff moves to disqualify Judge Starrett under both of these statutes.

To "promote public confidence in the integrity of the judicial process," Section 455(a) was broadened in 1974 to replace the subjective standard of bias with an objective test. *Nichols v. Alley, 71 F.3d 347, 350 (10th Cir. 1995) (quoting Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 858 n.7 (1988))*. "What matters is not the reality of bias or prejudice but its appearance." Id. (quoting *Liteky v. United States, 510 U.S. 540, 548 (1994))*. "Given the statutory parameters, we must determine 'whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality.'" *United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993)* (collecting and comparing cases) (quoting *United States v. Burger, 964 F.2d 1065, 1070 (10th Cir. 1992))*.

14.    "In applying this objective standard, the initial inquiry is whether a reasonable factual basis exists for questioning the judge's impartiality." *Nichols, 71 F.3d at 351.* Further, the United States Supreme Court has clarified that a party seeking to recuse a judge is not required to present extrajudicial evidence of bias. *Liteky, 510 U.S. at 554-55.* The Court explained in *Liteky* that judicial remarks and opinions may provide a basis for recusal if the remarks "reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* Here, there is a "reasonable factual basis" for

questioning Judge Starrett's impartiality. *Nichols, 71 F.3d at 351.*

**WHEREFORE,** Plaintiff prays her Motion to Disqualify Senior United States District Judge Keith Starrett pursuant to 28 U.S.C. §§ 144 and 455, Miss. R. Cir. and Cnty. Ct. 1.15 is GRANTED.

Respectfully submitted:

**Daphnie Newman Boudy**
**111 Oak Street**
**McComb, Mississippi 39648**
**Ph: 985.285.8712**
**Email: daphnieboudy@outlook.com**

**Certificate of Service**
I, Daphnie Newman Boudy, certify that a copy of the foregoing pleading has been served on all parties and attorneys of record in this suit by emailing and/or placing same in USPS mail postage prepaid to their addresses on file this _____ day of May 2024.

**Daphnie Newman Boudy**
**111 Oak Street**
**McComb, Mississippi 39648**
**Ph: 985.285.8712**
**Email: daphnieboudy@outlook.com**

Exhibit 1
Boudy

## <u>VERIFICATION</u>

Pursuant to 28 U.S.C. § 144 and 455, Miss. R. Cir. and Cnty. Ct. 1.15, I certify that my Motion to Disqualify Senior United States District Judge Keith Starrett is made in good faith, filed timely and sufficient, and is based on facts and the reasons for the belief that bias and prejudice exists. My Verification meets the following three requirements: (1) the facts must be material and stated with particularity; (2) the facts must be such that if true they would convince a reasonable person that a bias exists; and (3) the facts must show the bias is personal, as opposed to judicial, in nature. I declare under penalty of perjury that this information is true and to the best of my knowledge

This _23_ day of May 2024.

Respectfully submitted:

_Daphnie Newman Boudy_

E Ahibit 1
Boudy

**Re: U.S. Marshals Served the McComb School District & the Board on today (May 20)**

Daphnie Newman Boudy <daphnieboudy@outlook.com>
Tue 5/21/2024 5:33 AM
To:Robert Thompson II <attyrobertethompson@gmail.com>
Cc:Warren Martin Jr. <attywarrenmartin@gmail.com>

Will do, thank you Mr. Robert.

Mr. Harvey is being sued in his "official capacity" as this falls on the school district and board. As an employee/Administrator, they are responsible for his egregious, intentional and malice acts as well as their own intentional and malice acts against me.

Again, thanks so much. ~Daphnie


Best,

Daphnie Newman Boudy, M.Ed.
cell: 985.285.8712

---

**From:** Robert Thompson II <attyrobertethompson@gmail.com>
**Sent:** Monday, May 20, 2024 5:00 PM
**To:** Daphnie Newman Boudy <daphnieboudy@outlook.com>
**Cc:** Warren Martin Jr. <attywarrenmartin@gmail.com>
**Subject:** Re: U.S. Marshals Served the McComb School District & the Board on today (May 20)

Daphnie,

Thank you for that update. Please let me know whenever service is complete as to Mr. Harvey.

On Mon, May 20, 2024 at 4:56 PM Daphnie Newman Boudy <daphnieboudy@outlook.com> wrote:
> Hi Mr. Robert,
>
> U.S. Marshals Served the McComb School District & the Board on today (May 20), see attached. Mr. Harvey's in the process of being served as well.
>
> Again thanks so much. ~Daphnie
>
> Best,
>
> Daphnie Newman Boudy, M.Ed.
> cell: 985.285.8712

*Exhibit 5*
*Boudy*

--
With kindest regards, I am

Robert E. Thompson, II, Esq.
**WARREN L. MARTIN, JR., P.A.**
351 Edgewood Terrace Drive
Jackson, Mississippi 39206
Post Office Box 1870
Jackson, Mississippi 39215
Office:    (769) 257-6052
Facsimile: (769) 257-6596
Website:   www.attywarrenmartin.com

Confidentiality Notice:  The above electronic transmission is strictly confidential and intended only for the named recipient(s). The information contained in the electronic transmission is protected under client/attorney and/or work product privileges and is not subject to disclosure or discovery. If you receive this electronic transmission by mistake, please refrain from reading its content and return it to sender and destroy its contents.



**CS&B**
COSMICH SIMMONS
& BROWN, PLLC

*Attorneys & Counselors at Law*

**CLIF JEFFERIS**
clif@cs-law.com

ONE EASTOVER CENTER
100 VISION DRIVE, SUITE 200
JACKSON, MS 39211
T 601.863.2100
F 601.863.0078
WWW.CS-LAW.COM

February 12, 2024

POST OFFICE BOX 22626
JACKSON, MS 39225-2626

COVINGTON, KY
NEW ORLEANS, LA
BAY ST. LOUIS, MS
HATTIESBURG, MS
ST. LOUIS, MO
COLUMBIA, SC

<u>Via Email & Regular Mail</u>

Daphnie N. Boudy
111 Oak St.
McComb, MS 39248
daphnieboudy@outlook.com

Re: Declination of Service

Dear Ms. Boudy,

Thank you for contacting Cosmich Simmons & Brown, PLLC in conjunction with your request for representation relating to your employment dispute. We appreciate the confidence that you have placed in our firm by contacting us. Regrettably, the firm has decided not to represent you in this matter.

You should be aware that the passage of time may bar you from pursuing the claim(s), if any, you may have. Time is always important and could be critically short in your case, so I recommend that you immediately contact another firm. If your case is not timely filed, you may be barred forever from pursuing your claim(s). In declining to represent you on this matter, we are not expressing any opinion concerning the merits of your case.

We encourage you to promptly seek the advice of other counsel if you wish to pursue your claim(s) further. Otherwise, the Mississippi Bar Association can provide resources for finding an attorney that may be able to assist you.

Sincerely,

Clif Jefferis

Exhibit 5
Boudy

## Re: Declination of Service

**Catherine Vasser** <catherine.vasser@cs-law.com>
Tue 3/5/2024 10:06 AM
To:daphnieboudy@outlook.com <daphnieboudy@outlook.com>

📎 1 attachments (186 KB)
Daphnie N. Boudy Rejection Letter 3.4.24.pdf;

Dear Ms. Boudy,

Please see attached.

Thanks!
Catherine Vasser

Exhibit 5
Boudy

<

# Grant Legal Group PA

Add note ✎

📞 SMART +1 601-827-30...

    

View on hiya

February 9

↗ **9:11 AM**
Outgoing call, 0 mins 25 sec

February 8

↗ **6:41 PM**
Outgoing call, 0 mins 14 sec

Bously
Exhibit
5

+        <        ⊘        ✎        ⋮
Add    Share    Block    Report    More

‹

# Cosmich Simmons & Brown

Add note ✎

 SMART +1 601-863-21...

    

View on hiya

February 9

↙ **3:37 PM**
Incoming call, 1 min 30 secs

↗ **9:16 AM**
Outgoing call, 3 mins 35 sec



Bandy
Exhibit
5

 +
Add

 ❮
Share

 ⊘
Block

 ✎
Report

 ⋮
More

< ▪ **+16018273031** ⌄                    ⋮

# Grant Legal Group PA

This message is from an
unsaved number. Beware of
smishing and phishing.

( **Block number** )

Friday, February 9

Sorry we missed
your call. We will
get back to you as
soon as we can. Is
there anything we
should know in the
meantime? Thank
you. - Grant Legal
Group                          9:11 AM

*Bondy
Exhibit
5.*



# Espy Law

## +1 601-812-5300

 

View contact details

February 8

**2:12 PM**
Incoming call, 10 mins 41 sec

**11:17 AM**
Outgoing call, 0 mins 5 sec

Bandy
Exhibit
5

 Favorites

 Edit

 Share

 More